IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| GEORGE STERLING GRIFFIN, Sr., | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV 00-G-2824-S |
| WILLIAM FRANKLIN NEUMANN, III, | ) | |
| Defendant. | ) | |

ENTERED
DEC 1 3 2000

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 22, 2000, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. The plaintiff filed objections to the report and recommendation on December 5, 2000.

The sole defendant named in this action is Birmingham attorney William Franklin Neumann, III. In his complaint, plaintiff asserted that attorney Neumann was appointed to represent him in a criminal case and failed to provide him with the effective assistance of counsel. As the magistrate judge stated in his report and recommendation, "an attorney representing a defendant in a criminal case does **not** act 'under color of state law' and therefore cannot be liable in an action brought under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Skipper v. Brummer*, 598 F.2d 427 (5th Cir. 1979); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978); *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974)." Report and Recommnedation (Document #9) at 2 (emphasis in original). Plaintiff asserts in his objections that

12

attorney Neumann is a "public defender" and therefore is a state action. The United States Supreme Court, however, has specifically held that "a public defender does *not* act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. at 324 (emphasis added). Plaintiff has failed to set forth any facts that would establish that defendant Neumann has acted in any manner other than as counsel to a criminal defendant.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). A final judgment will be entered.

DONE this 11th day of Dec, 2000.

J. FOY GUIN, JR.,
UNITED STATES DISTRICT JUDGE